**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DOROTHY A. TWEER,

    Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION LLC,

    Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DOROTHY A. TWEER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Cumberland County in the State of Maine. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to owe a debt to Comenity Capital Bank (hereinafter "Comenity"), partial account number ending in x7667, as to an AAA Rewards credit account (hereinafter "Comenity Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the Comenity Account.

20.    Upon information and belief, Plaintiff is a victim of identity theft.

21.    In or about October 2024, Plaintiff became aware of a significant decrease in her credit score.

22.    Shortly thereafter, Plaintiff became of the erroneous Comenity Account which was negatively affecting her credit.

23.    In or about November 2024, Plaintiff placed a security alert on her credit file due to the fraudulent activity.

| Personal Statements |
| --- |
| ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 207-804-0886. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 11-08-24. |

24.    On or about November 7, 2024, Plaintiff contacted Trans Union to dispute the fraudulent Comenity Account which did not belong to her.

25.    On or about November 14, 2024, Plaintiff received dispute results from Trans Union which stated the Comenity Account was verified as accurate.

26.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

27.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

28.    On or about December 9, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed the Comenity Account was reported with a status of closed/over 120 days past due and balance of $6,066. Further, Plaintiff observed Experian was reporting the Comenity Account with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)".

29.    Experian failed to do any independent investigation into Plaintiff's disputes and never attempted to contact Plaintiff during the alleged investigation.

30.    On or about December 9, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 181001529. In this

report, she explained that she was a victim of identity theft and that the Comenity Account listed in her credit report did not belong to her.

31.    Due to the inaccurate reporting, on or about December 17, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the Comenity Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

32.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6805 9268 81), Experian (9407 1112 0620 6805 9267 13), and Trans Union (9407 1112 0620 6805 9267 75).

33.    On or about December 27, 2024, Plaintiff received a response from Experian which stated the request did not appear to have been sent directly by Plaintiff or authorized by Plaintiff even though the detailed dispute letter included images of Plaintiff's current driver's license and Social Security card. Further, the letter stated Experian would not be taking any further action.

34.    On or about December 24, 2024, Plaintiff received a response from Trans Union which stated Plaintiff's fraud block request was declined.

35.    On or about December 28, 2024, Plaintiff received a response from Equifax which stated it would not be blocking the requested information but would be contacting the company that provided the disputed information.

36.    On or about January 4, 2025, Plaintiff received dispute results from Equifax which stated the Comenity Account was verified as accurate.

37.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

38.    Equifax never attempted to contact Plaintiff during the alleged investigation.

39.    On or about January 4, 2025, Plaintiff received dispute results from Trans Union which stated the Comenity Account was verified as accurate and updated.

40.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

41.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

42.    Despite confirmation of delivery on December 23, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian.

43.    On or about January 21, 2025, Plaintiff attempted to obtain a copy of her Experian credit report online. However, Plaintiff received an error message that her Experian credit report was unavailable.

44.    On or about January 23, 2025, Plaintiff contacted Experian via telephone to request dispute results, and the representative stated there were no dispute results as the Comenity Account was not investigated. Upon information and belief, Experian continues to report the erroneous Comenity Account.

45.    Plaintiff provided enough information to Experian to identify her file and to handle the dispute. Experian failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

46.    Experian failed to do any independent investigation into Plaintiff's disputes and never attempted to contact Plaintiff during the alleged investigation.

47.    Due to the continued inaccurate reporting, on or about January 23, 2025, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft and that the Comenity Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous

reporting, images of her filed FTC Identity Theft Report, and images of her FICO score history.

48.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6421 8209 38), Experian (9407 1112 0620 6421 8206 48), and Trans Union (9407 1112 0620 6421 8201 67).

49.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs as to her second detailed dispute letter.

50.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to report the erroneous and fraudulent Comenity Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

51.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

52.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

53.     Due to the inaccurate reporting, Plaintiff's credit score has decreased from the 800s to the 600s.

54.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the errors;

     iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

     iv.    Reduction in credit score; and

     v.    Apprehensiveness to apply for new credit due to the fear of rejection.

## <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

55.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

56.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

58.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

59.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

60.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

61.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

62.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT II</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

65.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

66.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

13

67.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

68.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

69.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

70.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

71.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

72.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

75.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

76.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

77.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

79.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

81.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

82.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

83.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

84.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

85.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

86.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoiner from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

89.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

90.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

91.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

92.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

93.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

94.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

95.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

96.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

100.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

101.   Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

102.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

104.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

105.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

106.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

109.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

110.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

111. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

112. Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

113. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

115.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

116.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

117.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

118.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

119.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

120.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

122.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

123.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

124.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

125.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

126.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

127.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION

SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

131.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

132.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

133.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

134.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and

mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

137.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

138.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

139.   Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

140.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

141.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

142.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

143.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

144.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

145.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

146.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

147.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

148.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

149.   Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

150.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

151.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

152.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

153.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

154.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

155.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

156.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

157.  Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

158.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

159.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

160.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

161.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

162.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

163.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

164.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

165.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

36

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

166.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

167.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

168.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

169.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

170.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOROTHY A. TWEER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,

jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 24th day of January 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*